# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Jack B. Blumenfeld**
(302) 351-9291
jblumenfeld@mnat.com

August 25, 2016

The Honorable Richard G. Andrews                     *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, DE 19801

>     Re:     *Sound View Innovations, LLC v. Facebook, Inc.*
>             C.A. No. 16-116 (RGA)

Dear Judge Andrews:

  Facebook submits this response to Sound View's August 24, 2016 letter for the discovery dispute telephone conference scheduled for tomorrow at 11:00 a.m.  With its initial infringement contentions due tomorrow and Facebook's initial invalidity contentions due four weeks later, Sound View seeks to remove the Scheduling Order's agreed upon limitation of "[n]o more than 20 total claims" and place *no limit* on how many of the 138 claims of the patents-in-suit it can assert.

  There was nothing inadvertent about the inclusion of the agreement that "[n]o more than 20 total claims shall be asserted by Plaintiff" in the Scheduling Order.  Sound View's assertion that it did not notice the provision until August 12 is troubling given that the "[n]o more than 20 total claims" language was included, *unchanged*, in four drafts of the Scheduling Order exchanged between Sound View and Facebook, and was never disputed.  Sound View's counsel then twice filed proposed Scheduling Orders that included the now disputed language, effectively representing to the Court that it had agreed that "[n]o more than 20 total claims shall be asserted by Plaintiff."

  Facebook included the "[n]o more than 20 total claims" language in its first revision of the draft scheduling order to focus the issues in the case early.  As set forth below, Facebook's agreement to many of the provisions in the Scheduling Order was predicated on the agreement that "[n]o more than 20 total claims" would be asserted.  Reversing course now to allow Sound View to assert at least 49 claims, and potentially many more, would substantially expand this case and further burden the Court and the parties.

The Honorable Richard G. Andrews
August 25, 2016
Page 2

A timeline of the parties' negotiations illustrates that the inclusion of the "[n]o more than 20 total claims" language in the Scheduling Order was not "inadvertent."

**May 20** – Sound View sent Facebook a proposed scheduling order. (Ex. A). The parties met and conferred and Facebook agreed to provide revisions to the draft order.

**May 31** – Facebook sent a revised proposed order that includes the "[n]o more than 20 total claims" language. (Ex. B). Later that day, Facebook and Sound View met and conferred about Facebook's revisions. Following the meet and confer, Sound View circulated a redline over Facebook's revisions to the proposed order, which also included the "[n]o more than 20 total claims" language. (Ex. C). Sound View's revisions demonstrated that it had made a careful review of Facebook's draft. Indeed, in the paragraph directly above the "[n]o more than 20 total claims" language, Sound View objected to Facebook's inclusion of a footnote as shown in the following excerpt:

> ii. On or before July 29, 2016, Defendant shall produce to Plaintiff the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications. ----------- Author Deleted:
>
> iii. On or before August 26, 2016, Plaintiff shall produce to Defendant an initial claim chart setting forth how each accused product allegedly infringes each of the asserted claims each product allegedly infringes. No more than 20 total claims shall be asserted by Plaintiff.

(Ex. C at 10).

**June 1** – The parties exchanged additional emails regarding Sound View's May 31 draft. (Ex. D). Sound View's counsel then filed the proposed Scheduling Order with the Court including the "[n]o more than 20 total claims" language. (D.I. 18)

**June 3** – At the Scheduling Conference, the parties discussed a number of provisions of the proposed Scheduling Order, including items on the same page as the "[n]o more than 20 total claims" language, but Sound View never raised that language as a dispute. (*Id.*)

**June 9** –Facebook sent a revised draft of the proposed order to Sound View, again including the "[n]o more than 20 total claims" language. (Ex. E.) The parties conducted a meet and confer later that day. Sound View's counsel then circulated another draft of the proposed order, still including the "[n]o more than 20 total claims" language. (Ex. F.)

**June 10** – Sound View filed the revised proposed Scheduling Order it had circulated on June 9, again including the "[n]o more than 20 total claims" language. (D.I. 20)

The Honorable Richard G. Andrews
August 25, 2016
Page 3

**June 13** – The Court entered the Scheduling Order with the "[n]o more than 20 total claims" language. (D.I. 21)

**August 12** – Sound View's counsel contacted Facebook's counsel claiming that it had just discovered the "[n]o more than 20 total claims" language.

As can be seen from the timeline above, the "[n]o more than 20 total claims" language was included in Facebook's first set of revisions to Sound View's proposed Scheduling Order, and in every revision thereafter, including in two separate filings by Sound View's counsel, and was entered more than two months ago.

During this time, Facebook believed that Sound View had agreed to focus this case on "[n]o more than 20 total claims." Sound View had represented to Facebook and to the Court that it "agreed to streamline the discovery process and really focus in on the issues" rather than "scorch the earth" in this case. (June 3, 2016 Tr. at 5:14-17). Moreover, Facebook's agreement to the timing of invalidity contentions, discovery limits and claim construction briefing limits were all predicated on an understanding that this case was limited to "[n]o more than 20 total claims." If Sound View were now permitted to expand the case up to at least 49 claims or as many as 138 claims, many provisions in the Scheduling Order will need to be revisited.

Sound View identifies no reason why this Court should expand the number of asserted claims beyond the "20 total claims" Sound View already agreed to. Facebook believes that "[n]o more than 20 total claims" are sufficient. Facebook respectfully requests that Sound View's request to modify the Scheduling Order be denied.

Respectfully,

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

JBB/dlw
Enclosures
cc:   Clerk of Court (Via Hand Delivery; w/ encl.)
      All Counsel of Record (Via Electronic Mail; w/ encl.)